IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01662-BNB

JOSE MEDINA ESCOBAR,

    Plaintiff,

v.

MAJOR L. MAIFIELD,
CAPTAIN BARBERO,
LIEUTENANT R. OLIVETT,
LIEUTENANT WILL,
LIEUTENANT L. TRAVIS,
LIEUTENANT A. TIDEMANN,
LIEUTENANT S. MURPHY,
LIEUTENANT NEFF,
LIEUTENANT K. BUFFUM,
SERGEANT WAGNER,
SERGEANT COSSABONE,
SERGEANT B. A. JAQUEZ,
C/O CAMERON,
C/O KELLY,
C/O MILLER,
C/O VIGIL,
C/O B. McPHERSON,
C/O SPURLOCK,
C/O SOLIS,
C/O THORSTAD,
NURSE ROBIN,
NURSE NICKOLETT,
NURSE SPINOZI, and
DOCTOR HODGE,

    Defendants.

---

ORDER ALLOWING PLAINTIFF TO PROCEED
WITHOUT PAYMENT OF INITIAL PARTIAL FILING FEE

---

In an order filed on June 29, 2012, the court granted Plaintiff leave to proceed *in*

*forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(b)(1), the court ordered Plaintiff either to pay an initial partial filing fee of $9.00 or to show cause why he has no assets and no means by which to pay the initial partial filing fee. On July 17, 2012, the court entered a minute order directing the clerk of the court to mail a copy of the June 29 order to Plaintiff at his new address. On July 30, 2012, Plaintiff submitted a certified copy of his inmate trust fund account statement that shows the available balance in his inmate account as of July 24, 2012, was $4.67. The affidavit Plaintiff previously submitted in support of his motion seeking leave to proceed *in forma pauperis* reveals no other assets. On August 13, 2012, Plaintiff submitted to the court a payment in the amount of $20.00, a portion of which, $3.33, was applied to his filing fee obligation in the instant action. Similar amounts were applied to Plaintiff's filing fee obligations in five other actions.

Title 28 U.S.C. § 1915 requires a prisoner bringing a civil action "to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). However, "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). Based on the certified account statement filed on July 30, 2012, that indicates Plaintiff lacked sufficient funds to pay the initial partial filing fee at that time, Plaintiff will be allowed to proceed in this action without payment of the initial partial filing fee designated in the court's June 29 order. Plaintiff remains obligated to pay the full $350.00 filing fee through monthly installments as directed in the court's June 29 order and reiterated below. Accordingly, it is

ORDERED that Plaintiff may proceed in this action without payment of the initial

partial filing fee designated in the court's June 29, 2012, order because he has shown cause why he has no assets and no means by which to pay an initial partial filing fee. Plaintiff remains obligated to pay the full amount of the required $350.00 filing fee pursuant to § 1915(b)(1).  It is

FURTHER ORDERED that until the $350.00 filing fee is paid in full, Plaintiff shall make monthly payments to the court of twenty (20) percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment.  Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order.  In order to show cause, Plaintiff must file a current certified copy of his trust fund account statement.  It is

FURTHER ORDERED that if Plaintiff fails to have the appropriate payment sent to the clerk of the court each month or to show cause each month as directed above why he has no assets and no means by which to make the monthly payment, the complaint may be dismissed without prejudice and without further notice.  It is

**FURTHER ORDERED that the court may dismiss this action and may apply all or part of the filing fee payments tendered in this action to satisfy any filing fee debt the plaintiff may owe in a prior action or actions if the plaintiff fails to stay current with his payment obligations in the prior action or actions.**

DATED August 22, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland

3

United States Magistrate Judge