IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01662-CMA-CBS

JOSE MEDINA ESCOBAR,

              Plaintiff,

v.

MAJOR LINDA MAIFELD, in her official capacity at the Colorado Department of
Corrections,
CAPTAIN DANIEL BARBERO, in his official capacity at the Colorado Department of
Corrections, and
RICK RAEMISCH, in his official capacity as Executive Director of the Colorado
Department of Corrections,

              Defendants.

---

## RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS

---

Magistrate Judge Shaffer

      This matter comes before the court on Defendants' Motion to Dismiss (Doc. #98),
filed on March 14, 2014.  This motion was referred to the Magistrate Judge pursuant to
the Order of Reference dated August 22, 2012 (Doc. #18).[1]  This court has carefully
considered the motion and related briefing, the entire case file, the comments offered by
the parties during the Preliminary Scheduling Conferences, and numerous Status
Conferences and Motion Hearings, and applicable case law.  For the following reasons,
I recommend that the Motion to Dismiss be granted.

---

[1] Magistrate Judge Mix was assigned to this case as of the date of the Order of Reference.  Judge Mix
recused herself from the matter by Order dated October 18, 2012 (Doc. #35), and the case was
reassigned the same day (Doc. #36).

## BACKGROUND

Plaintiff Jose Medina Escobar filed this lawsuit pursuant to 42 U.S.C. § 1983 claiming Defendants violated his right to liberty, freedom of expression, and due process under the First, Fifth, and Fourteenth Amendments, and his right to be free from cruel and unusual punishment under the Eighth Amendment. Plaintiff seeks declaratory relief, injunctive relief, and attorney fees and costs pursuant to 42 U.S.C. § 1988.

Plaintiff entered custody of the Colorado Department of Corrections ("CDOC") in 1987. (Doc. #95 at ¶ 1). He was moved to administrative segregation on July 31, 1998, where he remained until his release from CDOC custody on December 24, 2014. (*Id.* at ¶¶ 2, 24). On June 25, 2012, Plaintiff filed a Complaint naming twenty-four defendants and asserting claims for violation of his First, Fifth, and Eighth Amendment rights.[2] (Doc. #1). The same day, Plaintiff filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. #3). Magistrate Judge Boland issued an Order on June 26, 2012, directing Plaintiff to file a certified copy of his trust fund statement for the six-month period preceding the filing of the Complaint. (*See* Doc. #5). Plaintiff responded to the Order on June 27, 2012 (Doc. #6), and Judge Boland granted Plaintiff's § 1915 motion by Order dated June 29, 2012. (Doc. #7).

On August 27, 2012, Defendants Maifeld and Barbero waived service, as did Buffum, Cossabone, Hodge, Jaquez, McPherson, Murphy, Neff, Nickolett, Olivett,

---

[2] Plaintiff sued Defendants Maifeld and Barbero, as well as Lieutenant Olivett, Lieutenant Will, Lieutenant L. Travis, Lieutenant A Tidemann, Lieutenant S. Murphy, Lieutenant Neff, Lieutenant K. Buffum, Sergeant Wagner, Sergeant Cossabone, Sergeant B.A. Jaquez, Corrections Officer Cameron, Corrections Officer Kelly, Corrections Officer Miller, Corrections Officer Vigil, Corrections Officer B. McPherson, Corrections Officer Spurlock, Corrections Officer Solis, Corrections Officer Thorstad, Nurse Robin, Nurse Nickolett, Nurse Spinozi, and Doctor Hodge.

Spurlock, Thorstad, Tidemann, Travis, Wagner, and Will.  (Doc. #23).  These individuals filed an Answer to the Complaint on November 2, 2012 (Doc. #42).  Officer Vigil waived service on January 7, 2013 (Doc. #50), and filed his Answer on March 8, 2013.  (Doc. #56).

This court held a Preliminary Scheduling Conference on December 11, 2012, at which the undersigned designated a date by which discovery would conclude and dispositive motions would be due.  (Doc. #46).

On May 10, 2013, Defendants Maifeld and Barbero, along with Buffum, Cossabone, Hodge, Jaquez, McPherson, Murphy, Neff, Nickolett, Olivett, Spurlock, Thorstad, Tidemann, Travis, Wagner, Will, and Vigil, filed a Motion to Dismiss pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and a Motion to Stay Proceedings.  (Doc. #60 and #61). Plaintiff filed a Motion for Leave to Amend on May 13, 2013.  (Doc. #63).  On June 13, 2013, Plaintiff filed a "Motion to Impose Sanctions and Motion for Leave to Submit Plaintiff's Affidavit in Support of his Inhumane Conditions of Confinement that Gave Rise to the Action Herein."  (Doc. #69).

This court held a Motion Hearing on June 25, 2013, at which the undersigned recommended that the Motion to Dismiss be denied, adopted in its entirety the Recommendation submitted by Judge Mix on June 24, 2013 in civil action No. 13-cv-00489-CMA-KLM, and recommended that District Judge Arguello adopt the filing restrictions proposed by Judge Mix.  (Doc. #71).  This court also denied Plaintiff's Motion for Leave to Amend and Motion for Sanctions and Leave to Submit Affidavits. (*Id.*)  At this time, Plaintiff orally requested that the court appoint him counsel.  (*Id.*)  The undersigned granted Plaintiff's request for court-appointed counsel on July 8, 2013

(Doc. #73), and Mr. Brett R. Lilly was appointed as Plaintiff's counsel on July 26, 2013. (Doc. #75).

This court held a second Preliminary Scheduling Conference on July 26, 2013, at which the undersigned ordered a temporary stay of discovery and briefing until September 5, 2013, and noted that the Motion to Stay Proceedings was under advisement. (Doc. #76). This court held a Status Conference on September 5, 2013, at which the undersigned granted Plaintiff's oral motion to file an Amended Complaint and granted Defense Counsel's oral motion to withdraw without prejudice the Motion to Dismiss. (Doc. #78). Additionally, the undersigned granted the Motion to Stay discovery until October 4, 2013. (*Id.*)

Plaintiff filed his Amended Complaint on October 3, 2013, in which he added CDOC Executive Director Rick Raemisch as a Defendant and removed Officers Jaquez, Cameron, Kelly, Miller, Solis, and Nurse Spinozi. (Doc. #80). The Amended Complaint sought damages and attorney fees as well as declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's First, Fifth, Eighth, and Fourteenth Amendment rights. (*Id.*) Defendant Raemisch waived service on October 15, 2013. (Doc. #82).

The present Defendants along with Jaquez, Buffum, Cossabone, Hodge, Robin, Maifeld, McPherson, Murphy, Neff, Nickolett, Olivette, Spurlock, Thorstad, Tidemann, Travis, Vigil, Wagner, and Will filed a Motion to Dismiss on December 16, 2013. (Doc. #85). Plaintiff filed a Response to the Motion on January 6, 2014. (Doc. #88).

This court held a Motion Hearing on February 6, 2014, at which the undersigned directed Mr. Lilly to file either a Stipulation with Defense Counsel dismissing claims or a

4

Second Amended Complaint "framing the issues and the parties that Plaintiff specifically intends to pursue." (Doc. #94).

Plaintiff filed a Second Amended Complaint ("SAC") on February 14, 2014, naming the present Defendants and asserting four claims: (1) violation of the Eighth Amendment prohibition against cruel and unusual punishment for failure to provide a transitional program from administrative segregation prior to his release into the community and meaningful guidance regarding his return to society; (2) violation of the Fifth and Fourteenth Amendments on the basis he has a liberty interest in such a program and guidance and that these items were withheld from him without due process; (3) retaliation for his filing numerous lawsuits and grievances in the form of videotaping his interaction with staff; and (4) violation of the Eighth Amendment prohibition against cruel and unusual punishment for failure to provide outdoor exercise. (Doc. #95). On February 18, 2014, this court denied the Motion to Dismiss (Doc. #85) without prejudice as moot in light of the filing of the SAC. (Doc. #96).

Defendants filed the pending Motion to Dismiss on March 14, 2014. (Doc. #98). Plaintiff filed his Response on April 3, 2014. (Doc. #100). Defendants filed their Reply on May 15, 2014. (Doc. #106). This court held a Motion Hearing on January 20, 2015, at which Plaintiff's Counsel confirmed that his client had been released from CDOC custody entirely.[3] At the same time, Mr. Lilly conceded that Plaintiff's Fifth Amendment claim, Fourteenth Amendment claim as to a liberty interest, Eighth Amendment claim as to a program to facilitate the transition from administrative segregation prior to release, and the corresponding requests for injunctive and declaratory relief were moot as a result of the release. Mr. Lilly argued that Plaintiff's First Amendment retaliation claim

---

[3] No parole was associated with the discharge of Plaintiff's sentence.

survived on the basis that the policy of videotaping all staff interaction with an inmate who files lawsuits and grievances is discriminatory on its face and as to Plaintiff; Eighth Amendment claim survived as to the deprivation caused by the lack of meaningful guidance regarding his return to society; and corresponding requests for injunctive and declaratory relief were not moot.  (Doc. #108)

## STANDARD OF REVIEW

Federal courts, as courts of limited jurisdiction, must have a statutory basis for their jurisdiction.  *See Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994).  Pursuant to Federal Rule of Civil Procedure 12(b)(1), the court may dismiss a complaint for lack of subject matter jurisdiction.  The determination of a court's jurisdiction over subject matter is a question of law.  *Madsen v. United States ex. U.S. Army, Corps of Engineers*, 841 F.2d 1011, 1012 (10th Cir. 1987).  "A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking."  *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974).  Mootness is an issue of subject matter jurisdiction.  *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1242 (10th Cir. 2011).

## ANALYSIS

Title 42 U.S.C. § 1983 allows an injured person to seek damages for the violation of his or her federal rights against a person acting under color of state law.  *See* 42 U.S.C. § 1983; *see also West v. Atkins,* 487 U.S. 42, 48 (1988).  Mr. Escobar claims that Defendants violated his Eighth Amendment right by failing to provide him with meaningful guidance regarding his return to society, and violated his First Amendment

6

right by retaliating against him for filing grievances and lawsuits. Plaintiff seeks injunctive relief in the form of an order directing Defendants to provide him with such guidance, and declaratory relief that the videotaping policy is retaliatory and constitutes a violation of his First and Fourteenth Amendment rights.

## A.    Mootness

"The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (quoting *Steffel v. Thompson*, 415 U.S. 452, 459 n. 10 (1974)) (internal quotation marks and further citation omitted). A federal court may not render advisory opinions nor "decide questions that cannot affect the rights of litigants in the case before them." *Id.* (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). A court's judgments must resolve "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (citation omitted). "A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Export Assn.,* 393 U.S. 199, 203 (1968)). The party asserting mootness carries the "heavy burden of persua[ding]" the court that the challenged conduct cannot reasonably be expected to resume. *Id.*

"An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action." *Dilley v. Gunn,* 64 F.3d 1365, 1368 (9th Cir. 1995) (citing

*Preiser*, 422 U.S. at 402-03).  The same guideline applies for claims seeking declaratory relief. *See Rhodes v. Stewart,* 488 U.S. 1, 2–4 (1988) (per curiam). The reason is that the released inmate is no longer subject to the prison conditions or policies he challenges. *See Rhodes*, 488 U.S. at 4; *see also Incumaa v. Ozmint,* 507 F.3d 281, 286–87 (4th Cir. 2007) (citing cases from several circuits).

    1. <u>Declaratory Relief</u>

    Plaintiff seeks declaratory relief that the CDOC policy of videotaping all interaction between a prisoner and prison staff where the prisoner has filed numerous lawsuits and grievances against the staff is retaliatory on its face and as applied to him.

    "Declaratory judgment actions must be sustainable under the same mootness criteria that apply to any other lawsuit." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010).  For the court to exercise jurisdiction, the request for declaratory relief must settle a dispute affecting the defendants' behavior toward the plaintiff. *Unified School District No. 259 v. Disability Rights Center of Kansas,* 491 F.3d 1143, 1147 (10th Cir. 2007). *Accord Jordan v. Sosa*, 654 F.3d 1012, 1025 (10th Cir. 2011) ("When we apply the mootness doctrine in the declaratory judgment context, '[i]t is well established that what makes a declaratory judgment action a proper judicial resolution of a case or controversy rather than an advisory opinion is the settling of some dispute which affects the behavior of *the defendant toward the plaintiff.*'") (citation omitted) (emphasis added by cited authority).[4] The plaintiff must show "a good chance" that defendants will injure him in the same way

---

[4] Plaintiff is not a member of a class action (*see Sosna v. Iowa*, 419 U.S. 393, 401 (1975)), and has not otherwise presented his claims on behalf of similarly situation individuals. *See Disability Law Center v. Millcreek Health Center*, 428 F.3d 992, 996 (10th Cir. 2005) (holding that the "purported existence" of other persons in the same position as plaintiff did not suffice to establish a "concrete dispute.").

in the future (*Unified School District No. 259*, 491 F.3d at 1147), and he "must be seeking more than a retrospective opinion that he was wrongly harmed by the defendant." *Jordan*, 654 F.3d at 1025.

Plaintiff argues that his claim for declaratory relief has not been mooted because the CDOC videotaping policy is discriminatory on its face, and as such, a declaratory judgment that the policy is unconstitutional could affect how the policy is implemented and how Defendants enforce it.  The pivotal question, however, is not whether the court can effect change as to Defendants' use of the policy, but whether the declaratory relief can alter Defendants' behavior as to Mr. Escobar.  *See Rhodes*, 488 U.S. at 4 ("A declaratory judgment ... is no different from any other judgment.  It will constitute relief ... if, and only if, it affects the behavior of the defendant toward the plaintiff.").  That a declaration might apply to parties who are not members of the lawsuit is insufficient. *See Jordan*, 654 F.3d at 1026.  While the court could declare as to Defendants that the CDOC videotaping policy is unconstitutional, the judgment would not affect the behavior of Defendants toward Mr. Escobar because he is no longer confined to a penal institution over which they exert authority.  *See id.* at 1030.[5]

In *Jordan v. Sosa*, the Tenth Circuit was presented with a similar argument that a Bureau of Prisons policy was facially discriminatory in violation of the First Amendment. The court found that plaintiff's claim for declaratory relief was mooted because he had been transferred outside the authority of the named defendants and had not sued a

---

[5] Plaintiff cites *Wirsching v. Colorado*, for the argument that a claim is not mooted if relief would alter the defendants' behavior.  360 F.3d 1191, 1196 (10th Cir. 2004).  In *Wirsching*, the Tenth Circuit held that plaintiff's *damages* claims were not moot because a judgment for damages "would alter the defendants' behavior by forcing them to pay an amount of money they otherwise would not have paid."  *Id.*  By contrast, the court held that Mr. Wirsching's claims for declaratory and injunctive relief were moot because he had been released from prison and the entry of that relief in his favor "would amount to nothing more than a declaration that he was wronged."  *Id.*

prison official capable of altering the offensive BOP policies as to plaintiff.  654 F.3d. at 1033.

In *Green v. Branson*, the plaintiff filed a lawsuit against state prison guards, the warden, and prison physicians, and was subsequently transferred to federal custody and released prior to a determination on appeal.  108 F.3d 1296 (10th Cir. 1997).  The Tenth Circuit held that plaintiff's claims for declaratory and injunctive relief were moot because he was no longer a prisoner within the control of the state prison system, and "the entry of a declaratory judgment in [his] favor would amount to nothing more than a declaration that he was wronged, and would have no effect on the defendants' behavior towards him."  *Id.* at 1300 (citing cases in other circuits applying same rationale).  *See also Inmates v. Owens*, 561 F.2d 560, 562 (4th Cir. 1977) ("Due to the release of all the inmates and the lack of class certification below, there is no longer a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.") (internal quotation marks, punctuation, and citation omitted).  *Cf. F.E.R. v. Valdez*, 58 F.3d 1530, 1533 (10th Cir. 1995) (citing *Yniguez v. Arizona,* 975 F.2d 646, 647 (9th Cir. 1992) for the proposition that "[a] plaintiff's pursuit of nominal damages provides a sufficiently concrete interest in the outcome of the litigation to confer standing to pursue declaratory relief and thereby prevents mootness.").

Finally, in *Abdulhaseeb v. Calbone*, the Tenth Circuit considered a plaintiff's claims for monetary damages and injunctive relief against Oklahoma prison officials in their official capacities for violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and determined the claims were not moot despite plaintiff's

transfer between state prisons. 600 F.3d 1301 (10th Cir. 2010).   Of paramount importance was the fact that plaintiff had sued the director of the Oklahoma Department of Corrections ("ODOC") *and* that plaintiff remained within the custody of the ODOC. The court noted that the RLUIPA provides for an award of "appropriate relief against a government," without specifying what is appropriate, and determined that even if the plaintiff could not recover money damages against any defendant or injunctive relief against the prison-specific defendants, the courts may still fashion effective relief because plaintiff's RLUIPA claims involved ODOC policies and the director of ODOC has final policymaking authority for that prison system.   The court held that the RLUIPA claims were not moot because a judgment in plaintiff's favor could effect change regarding the ODOC policies as to plaintiff.   *Id.* at 1312.   *See also Randolph v. Rodgers,* 170 F.3d 850, 857 (8th Cir. 1999) (holding that an Americans With Disabilities Act claim was not moot, despite plaintiff's transfer to a different state prison, where plaintiff sued the Department of Corrections, "which controls both prisons and the funding necessary to provide the sign language interpreter requested").

Such is not the case here.  While Plaintiff named the Executive Director of CDOC as a Defendant in this lawsuit, CDOC no longer retains any authority or control over Plaintiff.  Therefore, any alteration to CDOC policies would have no effect on Plaintiff, and a declaratory judgment regarding CDOC policies as to Plaintiff would constitute nothing other than an advisory opinion.

2. Injunctive Relief

Plaintiff seeks injunctive relief ordering Defendants to provide him with "a guide for transitioning upon discharg[e] from administrative segregation to the community, as

11

well as meaningful guidance ... to help his return to society upon his release from CDOC." (Doc. #95 at ¶ 43).

A claim for injunctive relief is moot when (1) the issues presented are no longer "live," or (2) the parties lack a legally cognizable interest in the outcome. *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1242 (10th Cir. 2011) (quoting *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 396 (1980)) (internal quotation marks and citation omitted). "A claim for equitable relief is moot 'absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again.'" *Randolph*, 170 F.3d at 856) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). With respect to a request for injunctive relief, the plaintiff's "susceptibility to *continuing* injury is of particular importance—'[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects.'" *Jordan*, 654 F.3d at 1024 (quoting *O'Shea v. Littleton,* 414 U.S. 488, 495-96 (1974)). Finally, the Tenth Circuit recognizes that a prisoner's claim for injunctive relief is moot if he or she is no longer subjected to the conditions complained of in the pleading. *Id.* at 1028 (citing *Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985)).

It is unclear from Plaintiff's Prayer for Relief whether the request for meaningful guidance pertained to a limited time-frame ending upon his release, or contemplated ongoing counseling that would continue as he assimilated into society. However, now that Plaintiff has been released into the community he is beyond the reach of Defendants. Furthermore, the harm that Plaintiff will suffer for lack of a transitional

program or continuing guidance is speculative at best.   Accordingly, I recommend granting Defendants' Motion to Dismiss as to Plaintiff's claims for injunctive relief.

**B.      Capable of Repetition But Evading Review**

Plaintiff's Counsel suggested at the January 20, 2015 Motion Hearing that Plaintiff's claims were capable of repetition but evading review.   This doctrine is a narrow exception to the mootness doctrine, and is "only to be used in exceptional situations."  *Chihuahuan Grasslands Alliance v. Kempthorne,* 545 F.3d 884, 892 (10th Cir. 2008) (internal quotation marks and citation omitted).   Outside of the class-action context, the "capable of repetition" doctrine instructs that a claim is not moot if "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975).  *See also Disability Law Center*, 428 F.3d at 996.  Mr. Escobar bears the burden of establishing both elements of this test.  *Jordan*, 654 F.3d at 1035 (citing *Libertarian Party v. Dardenne,* 595 F.3d 215, 217 (5th Cir.), *cert. denied,* 560 U.S. 953 (2010)).

Plaintiff cannot satisfy either prong.   Typically, the "duration element of the exception's two-prong test pertains to the duration of the *governmental entity's* alleged infringement on a plaintiff's rights, not upon external circumstances pertaining to the *plaintiff* that may shorten the duration of his exposure to the otherwise ongoing governmental action."  *Jordan*, 654 F.3d at 1036 n. 20 (citing *Illinois State Board of Elections v. Socialist Workers Party,* 440 U.S. 173, 187 (1979)) (emphasis in original). Prior to his release, Mr. Escobar had been confined to administrative segregation for over sixteen years.  (*See* Doc. #95 at ¶ 2).  At the time Plaintiff filed the SAC, prison

Case 1:12-cv-01662-CMA-CBS Document 109 Filed 01/30/15 USDC Colorado Page 14 of 16

staff had videotaped all interaction with him for approximately three years. (*See* Doc. #95 at ¶ 82). As to the second prong, Plaintiff has provided no reasonable expectation that the wrong will be repeated. *See Preiser*, 422 U.S. at 402. "A plaintiff must allege that he has been or will in fact be perceptibly harmed by the challenged agency action, not that he can imagine circumstances in which he could be affected by the agency's action." *United States v. SCRAP*, 412 U.S. 669, 688–89 (1973). Indeed, Mr. Escobar would need to commit and be convicted of a criminal offense to return to a situation in which the alleged harms could recur, and there is no guarantee that he would be confined to the custody of CDOC or even assigned to an administrative segregation facility. *See Abdul-Akbar v. Watson*, 4 F.3d 195, 206-07 (3d Cir. 1993) (disagreeing with district court's finding that the plaintiff could again be incarcerated at the state prison (for purposes of the capable of repetition analysis) as "conjecture [that] has no place in the application of this exceptional and narrow grant of judicial power.").

Finally, there is no entitlement to attorney fees unless the requesting party prevails. *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1221-22 (2006). Because I recommend that Defendants' Motion to Dismiss be granted, I must also recommend that Plaintiff is not entitled to attorney fees. [6]

## CONCLUSION

For the foregoing reasons, this court RECOMMENDS that Defendants' Motion to Dismiss (doc. #98) be GRANTED.

---

[6] Notwithstanding the disposition of this court as articulated herein, Mr. Lilly is commended for working so resolutely and diligently on behalf of his client.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122

(10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 30th day of January, 2015.

BY THE COURT:

s/Craig B. Shaffer_____
United States Magistrate Judge