IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 12-cv-01662-CMA-CBS

JOSE MEDINA ESCOBAR,

    Plaintiff,

v.

MAJOR LINDA MAIFIELD, in her official capacity at the Colorado Department of Corrections,
CAPTAIN DANIEL BARBERO, in his official capacity at the Colorado Department of Corrections, and
RICK RAEMISCH, in his official capacity as Executive Director of the Colorado Department of Corrections,

    Defendants.

## ORDER AFFIRMING JANUARY 30, 2015 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case was referred to United States Magistrate Judge Craig B. Shaffer pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. (Doc. # 18.)[1] On January 30, 2015, Judge Shaffer issued a Recommendation to grant Defendants' Motion to Dismiss (Doc. # 98). (Doc. # 109.) On February 13, 2015, Plaintiff filed a timely objection to Judge Shaffer's Recommendation. (Doc. # 110.)

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine *de novo* any part

---

[1] Magistrate Judge Mix was assigned to this case as of the date of the Order of Reference. Judge Mix recused herself from the matter by Order dated October 18, 2012 (Doc. # 35), and the case was reassigned to Judge Shaffer the same day (Doc. # 36).

of the magistrate judge's [recommended] disposition that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

As required by 28 U.S.C. § 636(b), the Court has conducted a *de novo* review of this matter, including carefully reviewing all relevant pleadings, the Report and Recommendation, and Plaintiff's Objection to the Report and Recommendation. Based on this *de novo* review, the Court concludes that the Magistrate Judge's Report and Recommendation is correct and is not called into question by Plaintiff's Objections.

In his recommendation, Magistrate Judge Shaffer found that Plaintiff was not entitled to declaratory relief that the Colorado Department of Corrections' ("CDOC") videotaping policy is retaliatory and constitutes a violation of his First and Fourteenth Amendment rights because the CDOC no longer retains any authority or control over Plaintiff and, thus, a declaratory judgment regarding CDOC policies as to Plaintiff would constitute an advisory opinion. Plaintiff argues that Magistrate Judge Shaffer's conclusion is improper because "[t]he express purpose of the retaliatory policy to videotape each interaction with staff is to chill and discourage protected conduct in the form of grievances and lawsuits against staff." The filming of all interactions with an inmate who has an established record of asserting that his rights are violated every time officials come into contact with him, however, does nothing to interfere with the right to file legitimate grievances. Rather, videotaping of his interactions with staff serves both to protect the Plaintiff from wrongful conduct and to protect CDOC officials and the

institution from the costs and expenses of having to defend against the filing of grievances or lawsuits that have no merit.  Rather than being caught in a "he said, she said" limbo, the video is the best evidence of what actually took place in that interaction.  As such, the policy on its face, and as applied, serves legitimate state interests and is not overbroad.

      Second, Plaintiff objects to Judge Shaffer's recommendation that his request for a declaration and injunction pursuant to 42 U.S.C. § 1983 be denied because Plaintiff has been released into the community, is beyond the reach of Defendants, and the harm he will suffer for lack of a transitional program upon discharge from administrative segregation to the community is speculative at best.  "It is well established that what makes a declaratory judgment action 'a proper judicial resolution of a 'case or controversy' rather than an advisory opinion—is [ ] the settling of some dispute which affects the behavior of the defendant toward the plaintiff.'" *Green v. Branson*, 108 F.3d 1296, 1299–300 (10th Cir. 1997) (quoting *Hewitt v. Helms*, 482 U.S. 755, 761 (1987)).  Further, a prisoner's claim for declaratory and injunctive relief is moot if the prisoner is released from the prison system and is, therefore, no longer subjected to the conditions complained of in the pleading.  *Jordan v. Sosa*, 654 F.3d 1012, 1027 (10th Cir. 2011) (citing *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985)).  Because Plaintiff is no longer in the custody of the CDOC, his claim that the CDOC should be required to provide meaningful guidance to help Plaintiff return to society upon his release from the CDOC is moot.  Additionally, a declaration that he was wronged would have no effect on the Defendants' behavior towards him.  Thus, Judge Shaffer's recommendation is

proper.

Accordingly, it is ORDERED that the Recommendation of the United States Magistrate Judge (Doc. # 109) is AFFIRMED and ADOPTED. It is

FURTHER ORDERED that Defendants' Motion to Dismiss (Doc. # 98) is GRANTED.

DATED: February __27__, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge